IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID L. QUILL,

    Petitioner,                                  No. CIV S-97-2419 GEB GGH P

    vs.

GEORGE M. GALAZA,

    Respondent.                             FINDINGS AND RECOMMENDATIONS

_____/

        Pending before the court is respondent's June 20, 2008, motion to dismiss. For the following reasons, the court recommends that respondent's motion be granted.

        On April 30, 2001, the court denied petitioner's habeas corpus petition but for his claim alleging insufficient evidence. The court ordered this action stayed pending petitioner's exhaustion of this claim.

        On June 20, 2008, respondent filed the pending motion to dismiss. Respondent correctly observes that there has been no further action in this case since April 30, 2001. Respondent moves to dismiss this action for petitioner's failure to prosecute.

        On September 15, 2008, the court ordered respondent to re-serve petitioner with the motion to dismiss at his new address contained in his September 4, 2008, pleading. The court ordered petitioner's opposition due thirty days thereafter.

/////

/////

1       Thirty days passed and petitioner did not file an opposition. However, on September 22, 2008, petitioner filed a request for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

      On September 22, 2008, petitioner also filed a pleading stating that his legal property regarding the instant action had been lost or misplaced. Petitioner requests that the court provide him with a copy of the original "orders" in this case. As petitioner was previously informed by the Clerk's notice sent to him on September 5, 2008, the Clerk's Office will provide copies of documents to parties at a cost of $.50 per page. In his September 22, 2008, pleading petitioner states that he has no money. The court cannot pay for petitioner's copies.

      In the September 22, 2008, pleading, petitioner also requests an extension of time so that he can "reestablish" the issues. It is fairly clear that petitioner is unfamiliar with this action and did attempt to exhaust his insufficient evidence claim.

      Petitioner has not shown good cause to grant him additional time to file an opposition. Accordingly, the court will address the merits of respondent's motion.

      In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

/////

/////

/////

1  As discussed above, this action was stayed so that petitioner could exhaust his
2  insufficiency of the evidence claim.  It is clear that during the seven years this action has been
3  stayed that petitioner has not exhausted this claim.  Therefore, the public's interest in the
4  expeditious resolution of litigation favors dismissal.

> "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed")."

Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535 (2005).

In addition, allowing this case to remain pending would interfere with the court's need to manage its docket.  Respondent also would be prejudiced were this action to remain pending.  While the public policy favors disposition of cases on their merits, petitioner has had adequate opportunity to exhaust his claim and return to federal court.  Even if this action is dismissed, he may still attempt to exhaust his unexhausted claim in state court.  Because it is clear that petitioner has long lost interest in this case, the court recommends that respondent's motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 20, 2008, motion to dismiss (no. 24) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: December 15, 2008

                                           /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

7  qu2419.ord